**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| LORI ANN YANCEY,<br>     individually, and<br>     as next of kin to<br>     Hubert Dean "John John" Yancey<br>     deceased, and<br>     as the mother and next of<br>     kin on behalf of<br>     her minor children,<br>          LOGAN D. YANCEY,<br>          BLAKE A. YANCEY, and<br>          CHASE K. YANCEY,<br>JUDITH GORDON,<br>JOHNNY YANCEY,<br>and<br>STATE OF TENNESSEE on its<br>     relationship to Lori Ann<br>     Yancey, Logan D. Yancey,<br>     Blake A. Yancey, Chase K.<br>     Yancey, Judith Gordon and<br>     Johnny Yancey<br><br>     Plaintiffs,<br><br><br>vs.<br><br>MARTY CARSON,<br>JIM CARSON,<br>ROBBY CARSON,<br>DONNIE PHILLIPS,<br>CARL NEWPORT, and<br>SCOTT COUNTY, TENNESSEE,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     No._____<br>)     Jury Demand<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT

Plaintiffs sue Defendants and for their causes of action say:

### NATURE OF ACTION

1.  This is an action for the wrongful death of Hubert Dean "John John" Yancey on November 28, 2003 in Scott County Tennessee.

## JURISDICTION

2.  This Court has jurisdiction over the statutory and constitutional claims pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, and over the state claims pursuant to pendent jurisdiction recognized in federal law and in Rule 18 of the Federal Rules of Civil Procedure.

## THE PARTIES

3.  Plaintiff LORI ANN YANCEY was the wife of Hubert Dean "John John" Yancey, deceased; is the mother and legal guardian of LOGAN D. YANCEY, BLAKE A. YANCEY and CHASE K. YANCEY who are minor children of Hubert Dean "John John" Yancey; and is a citizen and resident of Scott County, Tennessee.

4.  Plaintiffs JUDITH GORDON and JOHNNY YANCEY are the parents of Hubert Dean "John John" Yancey.

5.  Plaintiff STATE OF TENNESSEE brings this action on its relationship with Lori Ann Yancey, Logan D. Yancey, Blake A. Yancey, Chase K. Yancey, Judith Gordon and Johnny Yancey who, pursuant to T.C.A. § 8-19-301(3), are beneficiaries of each of the official bonds payable to the State of Tennessee by Defendants.

6.  Defendant MARTY CARSON is sued in his individual capacity and in his official capacity as a deputy sheriff of the Scott County Sheriff's Department and officer of Defendant SCOTT COUNTY TENNESSEE, and will be served with process by certified mail.

7.  Defendant JIM CARSON is sued in his individual capacity and in his official capacity as sheriff of the Scott

County Sheriff's Department and officer of Defendant SCOTT COUNTY TENNESSEE, and will be served with process by certified mail.

8. Defendant ROBBY CARSON is sued in his individual capacity and in his official capacity as a deputy sheriff of the Scott County Sheriff's Department and officer of Defendant SCOTT COUNTY TENNESSEE, and will be served with process by certified mail.

9. Defendant DONNIE PHILLIPS is sued in his individual capacity and in his official capacity as a deputy sheriff of the Scott County Sheriff's Department and officer of Defendant SCOTT COUNTY TENNESSEE, and will be served with process by certified mail.

10. Defendant CARL NEWPORT is sued in his individual capacity and in his official capacity as a deputy sheriff of the Scott County Sheriff's Department and officer of Defendant SCOTT COUNTY TENNESSEE, and will be served with process by certified mail.

11. Defendant SCOTT COUNTY, TENNESSEE is a political subdivision of the State of Tennessee and will be served with process by certified mail.

## FACTS

12. At all times hereinmaterial, Hubert Dean "John John" Yancey was a deputy sheriff of Defendant SCOTT COUNTY, TENNESSEE.

13. Prior to his death it was commonly known in the Scott County Sheriff's Department that Hubert Dean "John John"

Yancey was planning to run for Sheriff of Scott County, Tennessee in 2006.

14. Prior to the death of Hubert Dean "John John" Yancey, it was commonly known in the Scott County Sheriff's Department that Defendant MARTY CARSON, was planning to run for Sheriff of Scott County, Tennessee in 2006.

15. Defendant MARTY CARSON was the son of the sheriff of Scott County, Defendant JIM CARSON and was the cousin of Defendant ROBBY CARSON.

16. Defendant JIM CARSON, individually and in his capacity as the Sheriff of Scott County, Tennessee, supported the candidacy of his son, Defendant MARTY CARSON, in his efforts to become Sheriff of Scott County, Tennessee.

17. Defendant ROBBY CARSON, individually and in his capacity as Deputy Sheriff of Scott County, Tennessee, supported the candidacy of his cousin, Defendant MARTY CARSON, in his efforts to become Sheriff of Scott County, Tennessee.

18. Defendant DONNIE PHILLIPS, individually and in his capacity as Deputy Sheriff of Scott County, Tennessee, supported the candidacy of Defendant MARTY CARSON, in his efforts to become Sheriff of Scott County, Tennessee.

19. Defendant CARL NEWPORT, individually and in his capacity as Deputy Sheriff of Scott County, Tennessee, supported the candidacy of Defendant MARTY CARSON, in his efforts to become Sheriff of Scott County, Tennessee.

20. On information and belief, Defendant MARTY CARSON devised a scheme and plan to cause the death of Hubert Dean "John John" Yancey.

21. Defendants, individually and by agreement with one and another, devised a scheme and plan to cover up the true cause of the death of Hubert Dean "John John" Yancey.

22. On or about November 27, 2003, while Hubert Dean "John John" Yancey was off duty, Defendant MARTY CARSON called Hubert Dean "John John" Yancey and asked for his assistance in apprehending a suspect or fugitive by the name of "Mark New" who Defendant MARTY CARSON said was on a 10 most wanted list.

23. On information and belief, Defendant MARTY CARSON was not looking for a suspect or fugitive on a 10 most wanted list.

24. On information and belief, there was no suspect or fugitive by the name of "Mark New" who was on a 10 most wanted list.

25. On November 27, 2003, Defendant MARTY CARSON drove Hubert Dean "John John" Yancey to a trailer located at 2543 Williams Creek Road in Scott County, Tennessee (hereinafter the "trailer") under the false pretext of looking for a fugitive by the name of "Mark New" who was on a 10 most wanted list.

26. The following morning, on November 28, 2003, Defendant MARTY CARSON asked again for Hubert Dean "John John" Yancey's assistance in apprehending a suspect or fugitive by the name of "Mark New" who was on a 10 most wanted list.

27.  On November 28, 2003, during the evening hours Defendant MARTY CARSON drove Hubert Dean "John John" Yancey back to the trailer on 2543 Williams Creek Road in Scott County, Tennessee where they were met by Defendants DONNIE PHILLIPS and CARL NEWPORT.

28.  Defendant MARTY CARSON entered the trailer without a warrant through the back door of the trailer while Hubert Dean "John John" Yancey remained outside the back door speaking to one of the residents of the trailer.

29.  When Defendant MARTY CARSON entered the trailer a female resident of the trailer met Defendant MARTY CARSON at the door and Defendant MARY CARSON told that person to go into another room.

30.  Defendant MARTY CARSON then went into a hallway toward a closed doorway toward the end of the trailer.

31.  Defendant MARTY CARSON then called for Hubert Dean "John John" Yancey to come into the trailer.

32.  Defendant MARTY CARSON intentionally shot Hubert Dean "John John" Yancey with a handgun as Hubert Dean "John John" Yancey entered the hall of the trailer.

33.  Defendant MARTY CARSON left the trailer while Hubert Dean "John John" Yancey was lying wounded on the floor in the hallway of the Trailer.

34.  A female resident of the trailer attempted to comfort and provide aide to Hubert Dean "John John" Yancey.

35. The female resident of the trailer pleaded for Defendants MARTY CARSON, DONNIE PHILLIPS and CARL NEWPORT to call for emergency medical services.

36. Defendant MARTY CARSON delayed calling emergency medical services.

37. After paramedics were called and arrived at the trailer, Defendants MARTY CARSON, DONNIE PHILLIPS and/or CARL NEWPORT told the paramedics it was unsafe to enter the trailer and made them wait several minutes before entering the trailer.

38. Defendant MARTY CARSON falsely told the paramedics that Hubert Dean "John John" Yancey had sustained a wound from a shotgun although Defendant MARTY CARSON knew, in truth and fact, that only one shot was fired and that was from his handgun.

39. While Hubert Dean "John John" Yancey lay dying inside the Trailer, Defendants MARTY CARSON, DONNIE PHILLIPS and CARL NEWPORT allowed the two individuals in the back bedroom to leave the back door of the trailer.

40. Defendant MARTY CARSON began reporting that a suspect with a shotgun had fled from the trailer into the woods.

41. Defendants MARTY CARSON, DONNIE PHILLIPS and CARL NEWPORT each knew that only one shot had been fired.

42. Defendants MARTY CARSON, JIM CARSON, ROBBY CARSON, DONNIE PHILLIPS and CARL NEWPORT falsely reported, or aided and assisted the other, in reporting that there was an unknown assailant in the woods with a shotgun.

43. Defendant JIM CARSON immediately came to the trailer.

44. Upon arriving at the trailer Defendant JIM CARSON caused Defendant MARTY CARSON to be with him alone inside his vehicle.

45. Based on the reports of Defendant MARTY CARSON, law enforcement officers began searching the area for a suspect with a shotgun that fled into the woods while Defendant JIM CARSON and MARTY CARSON were alone in Defendant JIM CARSON'S vehicle and not speaking to anyone.

46. Had the report by Defendants MARTY CARSON, JIM CARSON, ROBBY CARSON, DONNIE PHILLIPS and CARL NEWPORT been true, Defendant MARTY CARSON left Hubert Dean "John John" Yancey to die in the trailer with two suspects and another female resident and then allowed the suspects to escape from the trailer with a shotgun.

47. After meeting with Defendant JIM CARSON in his vehicle for a extended period of time and when it became apparent that Defendant MARTY CARSON's explanation of Hubert Dean "John John" Yancey's death was false, Defendant MARTY CARSON admitted he shot Hubert Dean "John John" Yancey.

48. Defendant MARTY CARSON's explanation was that it was dark inside the trailer and as he walked down the hall of the trailer toward the closed door at the end of the trailer where there was a bedroom, he was blinded by a beam of a vehicle's headlight coming through the bedroom window of the trailer.

49. Defendant MARTY CARSON's explanation of being blinded by a beam of headlights was false because lights were on

in the trailer and on the porch outside the open door of the trailer.

50. Defendant MARTY CARSON's explanation of being blinded by a beam of headlights was false because there were no headlights aimed in the direction of the bedroom window of the trailer.

51. Defendant MARTY CARSON's explanation of being blinded by a beam of headlights was false because there it was not possible for headlights from outside the trailer to illuminate inside the trailer so as to blind a person.

52. Defendant MARTY CARSON explanation of being blinded by a beam of headlights was false and also made no difference pertaining to the death of Hubert Dean "John John" Yancey because Defendant MARTY CARSON did not fire the weapon that killed Hubert Dean "John John" Yancey in the direction of the bedroom door.

53. Defendant MARTY CARSON explanation of being blinded by a beam of headlights was false because Defendant MARTY CARSON shot Hubert Dean "John John" Yancey who was dressed in a Scott County Sheriff's Department jacket, a law enforcement cap, law enforcement pants and black law enforcement boots.

54. A meeting was held between JIM CARSON, MARTY CARSON, ROBBY CARSON and others after it was learned that Defendant MARTY CARSON killed Hubert Dean "John John" Yancey.

55. During this meeting Defendant JIM CARSON directed, and the others present agreed, to keep secret the fact that MARTY CARSON had shot Hubert Dean "John John" Yancey; to falsely tell the public and the family of Hubert Dean "John John" Yancey that

Hubert Dean "John John" Yancey was shot by an unknown assailant who fled into the woods after the shooting; to falsely tell the public and the family of Hubert Dean "John John" Yancey that the killer was at large in the Scott County Community; and to falsely tell the public and the family of Hubert Dean "John John" Yancey that where there was an ongoing manhunt for the killer of Hubert "John John" Yancey.

56. Pursuant to the agreement between JIM CARSON, MARTY CARSON, ROBBY CARSON and others Plaintiffs, the public and the family of Hubert Dean "John John" Yancey's were falsely told that Hubert Dean "John John" Yancey was shot by an unknown assailant who fled into the woods after the shooting and was at large in the Scott County Community where there was an ongoing manhunt.

57. Following the killing of Hubert Dean "John John" Yancey at the direction of Defendant JIM CARSON and pursuant to the agreement Defendant MARTY CARSON, Defendant ROBBY CARSON knowingly filed a false report with the Scott County Sheriff's Department that "The Victim was shot by an as yet unidentified suspect when in truth and fact said individuals knew that Hubert Dean "John John" Yancey had been shot by Defendant MARTY CARSON.

58. While Plaintiffs' family and the public were being told that the Hubert Dean "John John" Yancey was shot by an unknown assailant, Defendants JIM CARSON, MARTY CARSON, ROBBY CARSON and others undertook a cover-up of the actions of MARTY CARSON's designed to make the killing of the Hubert Dean "John John" Yancey appear to be an accident.

59. It was a part of the cover-up to delay and control an investigation by the criminal justice system into Defendant MARTY CARSON'S killing of Hubert Dean "John John" Yancey.

60. It was a part of the cover-up to use within the criminal justice system the Tennessee Bureau of Investigation and Scott County District Attorney to create an appearance of fairness in the investigation of the killing of Hubert Dean "John John" Yancey.

61. Defendant ROBBY CARSON coordinated and controlled the criminal justice system investigation by the Tennessee Bureau of Investigation.

62. On December 3, 2003 only five (5) days after the killing of Hubert Dean "John John" Yancey and after five (5) days of false reports that an unknown assailant had killed Hubert Dean "John John", Defendant JIM CARSON and others attended a news-conference where the Scott County District Attorney General announced that the investigation was complete, Hubert Dean "John John" Yancey had been shot by Defendant MARTY CARSON by accident, and there would be no criminal charges.

**DAMAGES**

63. As a proximate result of the wrongs and acts complained of the economic value of the life of Hubert Dean "John John" Yancey was lost.

64. As a proximate result of the wrongs and acts complained of, Plaintiffs incurred medical expenses and burial expenses for Hubert Dean "John John" Yancey.

65. As a proximate result of the wrongs and acts complained of, Plaintiffs lost the consortium, companionship, and support of Hubert Dean "John John" Yancey.

66. As a proximate result of the cover-up and false statements complained of, Plaintiffs suffered emotional injuries and mental distress.

67. As a proximate result of the abuse in the criminal justice system of Plaintiffs as victims of the killing of Hubert Dean "John John" Yancey Plaintiffs suffered shock, emotional injuries and mental distress.

### FIRST CAUSE OF ACTION:

### Federal Civil Rights Violations
### 42 U.S.C. §§ 1983, 1985 and 1988

68. The foregoing allegations are incorporated into this cause of action as though set out verbatim.

69. Plaintiffs bring this action against Defendants pursuant to 42 U.S.C. §§ 1983, 1985 and 1988.

70. Defendant JIM CARSON was a sufficiently high ranking officer of Defendant SCOTT COUNTY to be deemed a policy maker of Defendant SCOTT COUNTY, TENNESSEE pertaining to the matters complained of in this action.

71. Defendant MARTY CARSON was a sufficiently high ranking officer of Defendant SCOTT COUNTY to be deemed a policy maker of Defendant SCOTT COUNTY, TENNESSEE pertaining to the matters complained of in this action.

72. Defendant ROBBY CARSON was a sufficiently high ranking officer of Defendant SCOTT COUNTY, TENNESSEE to be deemed a policy maker pertaining to the matters complained of in this action.

73. In doing the matters complained of in this action, each Defendant was acting under color of state law.

74. In doing the matters complained of in this action, each Defendant was acting pursuant to the customs, policies, patterns and practices of Defendant SCOTT COUNTY, TENNESSEE.

75. Plaintiffs aver Defendants each acted with deliberate indifference to, and reckless disregard for, the known or obvious constitutional rights of Hubert Dean "John John" Yancey and Plaintiffs.

76. Plaintiffs aver that they sustained damages as further specified in this Complaint as a proximate result of Defendants' constitutional violations.

77. Plaintiffs aver they are entitled to compensatory damages; attorney fees and costs against Defendants, pursuant to 42 U.S.C. §§ 1983, 1985 and 1988.

78. Plaintiffs aver that Defendants violated the following constitutional rights for which Defendants are liable under 42 U.S.C. §§ 1983, 1985 and 1988:

**A.    Substantive Fourteenth Amendment Right to Liberty and Substantive Due Process**

79. Plaintiffs aver that Defendants' conduct "shocks the conscience."

80. Plaintiffs aver that Defendants, acting individually and in joint concert, denied Hubert Dean "John John"

13

Yancey his clearly established Fourteenth Amendment right to life and liberty without due process of law.

81. Plaintiffs aver that Defendants, acting individually and in joint concert, violated Hubert Dean "John John" Yancey's clearly established right to substantive due process guaranteed by the Fourteenth Amendment to the United States Constitution.

**B. Procedural Fourteenth Amendment Right to life and liberty**

82. Plaintiffs aver that Defendants, acting individually and in joint concert, violated Hubert Dean "John John" Yancey's clearly established rights by depriving him of life and liberty without due process of law as guaranteed him by the Fourteenth Amendment to the Untied States Constitution.

**C. First Amendment Right to Political Activities**

83. Plaintiffs aver that the conduct of Defendants acting individually and in joint concert, was intended to have a chilling effect on the clearly established First Amendment constitutional right of Hubert Dean "John John" Yancey to engage in political activity.

84. Plaintiffs aver that Defendants intended to deprive Hubert Dean "John John" Yancey of his clearly established First Amendment right of political activity by retaliating against John John Yancey for announcing his plans to run for public office.

**D. Fourteenth Amendment Right to Equal Protection of the law.**

85. Tennessee's Constitution Article I, Section 35(2) guarantees victims of crime, as defined by the Tennessee

legislature, a basic constitutional right to "to be free from intimidation, harassment and abuse throughout the criminal justice system.

86. Plaintiff are "victims of crime" within the definition of T.C.A. § 40-38-302(4)(A).

87. Defendants denied Plaintiffs their clearly established right to the equal protection of the law guaranteed to Plaintiffs by the Fourteenth Amendment to the United States Constitution to their basic constitutional state right to be free from intimidation, harassment and abuse throughout the criminal justice system.

## SECOND CAUSE OF ACTION:

### Assault and Battery, Wrongful Death

88. The foregoing allegations are incorporated into this cause of action as though set out verbatim.

89. Defendant MARTY CARSON committed an assault and battery and wrongfully killed Hubert Dean "John John" Yancey.

90. Defendant MARTY CARSON acted with an actual intent to injure.

91. Defendants MARTY CARSON, JIM CARSON, ROBBY CARSON, CARL NEWPORT and DONNIE PHILLIPS conspired to commit an assault and battery on Hubert Dean "John John" Yancey causing Plaintiffs' damages.

92. Each Defendant acted by virtue of and under the color of the authority of being a Sheriff and Deputy Sheriffs.

93. Plaintiffs sue Defendant MARTY CARSON for the assault and battery on and the death of Hubert Dean "John John" Yancey.

94. Plaintiffs sue Defendants MARTY CARSON, JIM CARSON, ROBBY CARSON, CARL NEWPORT and DONNIE PHILLIPS for the conspiracy to commit an assault and battery on and death of Hubert Dean "John John" Yancey causing Plaintiffs' damages.

95. Plaintiffs sue Defendant SCOTT COUNTY pursuant to T.C.A. § 8-8-302 for the assault and battery on and the death of Hubert Dean "John John" Yancey done by virtue of and under color of their authority as Scott County deputy sheriffs.

### THIRD CAUSE OF ACTION:

### Malicious Harassment
### T.C.A. § 4-21-701

96. The foregoing allegations are incorporated into this cause of action as though set out verbatim.

97. Plaintiffs sue Defendants pursuant to T.C.A. § 4-21-701 and 39-17-309 for the use of lethal force to intimidate Hubert Dean "John John" Yancey from exercising his constitutional right run for public office.

98. Defendants acted with an actual intent to injure.

99. Plaintiffs sue for general damages, emotional distress and reasonable attorney fees and cost.

## FOURTH CAUSE OF ACTION:

### Defendants Failure and Neglect
### To Perform Their Official Duties

100. The foregoing allegations are incorporated into this cause of action as though set out verbatim.

101. Defendants are required to perform duties as Sheriff and Deputy Sheriffs of Scott County by law.

102. Defendant JIM CARSON failed and neglected to perform the duties required of him to train, supervise and discipline his officers by failing to train and supervise his officers in their conduct while exercising their authority; by failing to train and supervise his officers on the entry into private residences; by failing to train and supervise his officers on the safe use of firearms.

103. Defendants MARTY CARSON, JIM CARSON, ROBBY CARSON, CARL DUNCAN and DONNIE PHILLIPS failed and neglected to perform their duties as officers of Scott County Tennessee required of them as Sheriff and Deputy Sheriffs.

104. Defendants failure and neglect to perform their duties was a contributing cause of the Plaintiffs' damages.

105. Plaintiff sues Defendants for the breach of their duties as sheriff and deputy sheriff's for Scott County Tennessee.

## FIFTH CAUSE OF ACTION:

## Liability on Official Bonds

106. The foregoing allegations are incorporated into this cause of action as though set out verbatim.

107. Plaintiffs bring this action on relation of the STATE OF TENNESSEE as the beneficiaries of the official bonds of Defendants MARTY CARSON, JIM CARSON, ROBBY CARSON, CARL DUNCAN and DONNIE PHILLIPS as provided for in T.C.A. 8-18-301 for the failure and neglect of Defendants MARTY CARSON, JIM CARSON, ROBBY CARSON, CARL DUNCAN as officers of Scott County Tennessee to perform the duties required of them as sheriff and deputy sheriffs.

## SIXTH CAUSE OF ACTION:

## Liability of Scott County Pursuant to T.C.A. § 8-8-302

108. The foregoing allegations are incorporated into this cause of action as though set out verbatim.

109. Defendant SCOTT COUNTY is liable pursuant to T.C.A. § 8-8-302 for each act of Defendants that caused damages and injuries to Plaintiff while Defendants were acting by virtue of or under the color of the authority of their authority as deputy sheriffs.

110. Defendant SCOTT COUNTY is liable for each act of Defendants pursuant to the provisions of T.C.A. § 8-8-302 for Plaintiffs' damages and injuries caused by their acts by virtue of or under the color of the authority of their authority as deputy sheriffs.

111. Defendant SCOTT COUNTY is sued for its liability pursuant to T.C.A. § 8-8-302 for the acts of additional deputy sheriffs' whose identity is presently unknown for each unknown deputies acts that caused injuries and damages to Plaintiff while said deputies were acting by virtue of or under the color of the authority as deputy sheriff.

112. Plaintiffs bring this action on relation of the STATE OF TENNESSEE and sues Defendants individually under their bond as provided for in T.C.A. 8-8-301, et seq. for Defendants' wrongs as specified in this complaint.

### SEVENTH CAUSE OF ACTION:

### Outrageous Conduct and
### Intentional Infliction of Emotional Distress

113. The foregoing allegations are incorporated into this cause of action as though set out verbatim.

114 Plaintiffs aver that Defendants, acting individually and in joint concert, participated in and engaged in conduct that was so outrageous, extreme, and shocking to the conscience that it is not to be tolerated in a civilized society.

115. Plaintiffs aver that each Defendant acted with intent to cause serious emotional harm to each Plaintiff.

116. Plaintiffs aver that as a proximate result of the extreme and outrageous conduct of Defendants, acting individually and in concert with one and another, Plaintiffs sustained serious and severe emotional injuries.

## EIGHTH CAUSE OF ACTION:

### Destruction and Deprivation of Life
### Tennessee Constitution Article 1, Section 8

117. The foregoing allegations are incorporated into this cause of action as though set out verbatim.

118. Article I, Section 8 of the Tennessee Constitution guarantees Hubert Dean "John John" Yancey shall not be "in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land."

119. Defendants, while acting under color of state law, denied Hubert Dean "John John" Yancey his clearly established Article I, Section 8 constitutional right to not have his life destroyed or taken without a judgment of his peers or the law of the land.

120. Article 1, Section 17 of the Tennessee Constitution provides a remedy at law for the violation of his constitutional rights under Article 1, Section 8.

### NINTH CAUSE OF ACTION:

### Abuse of Crime Victims
### Tennessee Constitution Article 1, Section 35

121. The foregoing allegations are incorporated into this cause of action as though set out verbatim.

122. Article 1, Section 35(2) of the Tennessee Constitution guarantees victims of crime to be free from intimidation, harassment and abuse throughout the criminal justice system.

123. Plaintiffs are "victims of crime" within the definition of T.C.A. § 40-38-302(4)(A).

124. Article 1, Section 17 of the Tennessee Constitution provides Plaintiffs a remedy at law for the violation of their rights under Article 1, Section 35(2) as victims of crime.

125. Defendants are members of Tennessee's criminal justice system.

126. Defendants abused Plaintiffs while acting as a member of Tennessee's criminal justice system.

127. Defendants denied Plaintiffs their clearly established right to be free from intimidation, harassment and abuse throughout the criminal justice system.

**WHEREFORE Plaintiffs pray:**

1. That Plaintiff have a jury selected from an adjoining county brought into Scott County to try this case because jurors selected in Scott County are disqualified due to their financial interest in the verdict because Scott County may be liable and they as taxpayers may be required to pay any judgment; because Scott County jurors are interested parties who have voted for or against Defendant Jim Carson; because Defendant Jim Carson is charged by law to be in custody of a jury that is to try this case and to provide security for the courtroom and jury during the trial; and because a fair trial probably can not be available before a jury selected from Scott County.

2. That upon a trial Plaintiffs have compensatory damages against Defendants in an amount not to exceed $10,000,000.00.

3.   That Defendants be required to pay Plaintiff's attorney fees and litigation cost.

4.   That Plaintiffs have such other general relief as to which they are entitled.


s/Herbert S. Moncier
HERBERT S. MONCIER
Attorney for Plaintiffs

Herbert S. Moncier
Attorney for Plaintiffs
Suite 775, Bank of America Center
550 Main Avenue
Knoxville, Tennessee  37902
BPR # 1910
(865) 546-7746