# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| LORI ANN YANCEY, Individually, and as next of kin to Hubert Dean "John John" Yancey, deceased, and as the mother and next of kin on behalf of her minor children, LOGAN D. YANCEY, BLAKE A YANCEY, and CHASE K. YANCEY, JUDITH GORDON, JOHNNY YANCEY, and STATE OF TENNESSEE, on its relationship to Lori Ann Yancey, Blake A. Yancey, Chase K. Yancey, Judith Gordon and Johnny Yancey,<br><br>    Plaintiffs,<br><br>v.<br><br>MARTY CARSON, JIM CARSON, ROBBY CARSON DONNIE PHILLIPS, CARL NEWPORT, and SCOTT COUNTY, TENNESSEE,<br><br>    Defendants. | No.: 3:04-CV-556<br>(VARLAN/SHIRLEY) |

## SCHEDULING ORDER

The Court has implemented Electronic Case Filing which allows counsel to file and docket pleadings directly from their office via the internet and to be served with filings from other parties and the Court via email. Information on the ECF system is available on the Court's website: www.tned.uscourts.gov. Counsel who are not already registered users are directed to register as soon as possible or be prepared to explain their failure to do so. *See* E.D.TN LR 5.2(b).

    **1.**     **Introduction:** Pursuant to Fed. R. Civ. P. 16(b), a scheduling conference was held in this cause on July 19, 2005. Present representing the plaintiffs were attorneys Herbert S. Moncier and David S. Wigler. Present representing the defendants was attorney John C. Duffy. The following actions were taken:

    **2.**     **Jurisdiction:** In this case, the subject matter jurisdiction of the Court has been invoked pursuant to 28 U.S.C. § 1331, and is not in dispute.

3. **Settlement/Alternative Dispute Resolution:**

(a) The possibility of settlement is unknown at this time.

(b) Is this case appropriate for ADR pursuant to Local Rule 16.4? Information on ADR and about the court in general can be found on the Court's web page (www.tned.uscourts.gov).

4. **Disclosure and Discovery:**

(a) **Fed. R. Civ. P. 26(f) Meeting:** The parties shall hold a discovery planning meeting as required by Rule 26(f) on or before July 29, 2005.

(b) **Discovery Plan**: At the Rule 26(f) meeting, the parties shall, if they have not already done so, develop a discovery plan and file it with the Court within ten (10) days after this meeting. This discovery plan shall conform to the provisions of Fed. R. Civ. P. 26(f).

(c) **Initial Disclosures**: At the Rule 26(f) meeting or within twenty (20) days thereafter, the parties shall, if they have not already done so, make all disclosures required by Rule 26(a)(1).

(d) **Expert Testimony:** Disclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made by all parties on or before one hundred twenty (120) days before trial; provided, however, that pursuant to Fed. R. Civ. P. 26(a)(2)(C), either party shall have 30 days after any initial disclosure pursuant to this section to make disclosure of expert witnesses intended solely to contradict or rebut evidence on the same subject matter so identified by another party.

(e) **Computer-Generated Animation**. If any party intends to offer a computer-generated animation into evidence, the party shall disclose that intention at the time expert disclosures are made pursuant to Fed. R. Civ. P. 26(a)(2). A copy of the animation shall be furnished to all other parties no later than 45 days prior to the filing of pretrial disclosures pursuant to Fed. R. Civ. P. 26(a)(3) [or the close of expert discovery, if that is earlier]. By agreement of the parties, the date of delivery of the animation may be adjourned to no later than the date on which the pretrial order is filed.

(f) **Evidence-Presentation Equipment**. If either party intends to use electronic, mechanical or other equipment to display evidence at trial, the parties shall confer in an effort to agree on the size, type and location of equipment to be used in the courtroom. If the parties agree, they shall file their joint proposal on the date on which the final pretrial order is due. If the parties cannot agree, each party shall file its proposal on the date on which the pretrial order is due and may comment on the proposal filed by any other party within two business days thereafter. If one or more of the parties desire to use the Court's Digital Evidence Presentation System (DEPS) at trial or for any pretrial hearing, notice must be given to my courtroom deputy clerk, Ms. Julie Norwood

(865/545-4234 ext. 285) at least five (5) working days before the hearing or trial. The equipment is shared with other judges and it is recommended that counsel reserve the equipment early.

      (g)    **Pretrial Disclosures**: On or before thirty (30) days before trial, the parties shall make all pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3), except as to witnesses (*see* 6(g) below).

      (h)    **All Discovery**: All discovery, including the taking of depositions "for evidence," shall be completed by ninety (90) days before trial. (Motions to compel must be filed at least 30 days before this deadline.)

      (i)    **Discovery Disputes**: Discovery disputes shall be resolved in the following manner:

(1) Parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention; (2) if the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by telephone conference with the Magistrate Judge assigned to this case; (3) if, and only if, the parties are unable to resolve their disputes after conference with the Magistrate Judge, they may file appropriate written motions with the Court, which may be referred to the Magistrate Judge. Any written motions regarding discovery shall include the written certification required by Rule 37(a)(2)(A), if applicable.

    **5.**    **Pretrial Orders and Pretrial Conferences:**

Unless counsel are otherwise directed by the Court, the following shall govern with regard to pretrial orders and conferences in this particular case.

Thirty (30) days before trial, an agreed pretrial order <u>shall be filed with the clerk</u>. The order shall contain the following recitals:

    (a)    Jurisdiction.
    (b)    That the pleadings are amended to conform to the pretrial order.
    (c)    Short summary of plaintiffs' theory.
    (d)    Short summary of defendants' theory.
    (e)    The issues to be submitted to the trial judge or jury.
    (f)    Stipulations of fact.
    (g)    Novel or unusual questions of law or evidence.
    (h)    Estimated length of trial (in working days).
    (i)    Possibility of settlement.
    (j)    Miscellaneous matters that may contribute to the just, speedy, and inexpensive determination of the case.

Forty-five (45) days before trial (47 days if service by mail), plaintiffs' counsel **shall** serve opposing counsel with a proposed pretrial order containing the above items except for the

theory of defendants.  Within five (5) working days after receipt thereof, opposing counsel **shall** furnish plaintiffs' counsel with defendants' theory and advise of any disagreement as to the issues or other matters in the proposed pretrial order.  The parties shall make diligent, good faith efforts to reconcile any differences promptly and without the necessity of the Court's intercession.  If the parties cannot agree on a pretrial order, plaintiffs' attorney shall notify the undersigned's office at least thirty-one (31) days before trial that the parties have, in a face-to-face conference, been unsuccessful, after a good faith effort, to agree upon a pretrial order.  Thereafter, the undersigned may enter a pretrial order or hold a pretrial conference.  Counsel will receive specific written instructions on pretrial conference procedures if a pretrial hearing is to take place before the undersigned to prepare a pretrial order.  Any pretrial conference for that purpose will be held fourteen (14) to twenty-five (25) days prior to trial.  Amendments to a pretrial order entered *ex parte* by a judge or magistrate judge may be sought by motion filed five (5) days following entry of the order.  Notwithstanding the filing of an agreed pretrial order, a final pretrial conference may be held shortly before trial to address matters which need to be discussed before the time of trial (*See* No. 7 below).

Failure to file an agreed pretrial order or to notify the undersigned's office that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action.  *See* Rule 41(b), Fed. R. Civ. P.

6.     **Other Scheduling Matters:**

(a)     **Amendment of Pleadings/Joinder of Parties**: At least one hundred and twenty (120) days before trial all motions for leave to amend the pleadings and add parties must be filed.

(b)     **Dispositive Motions**:  All dispositive motions under Fed. R. Civ. P. 12 and all motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed as soon as possible, but no later than one hundred twenty (120) days before trial.  The failure to timely file such motions will be grounds to summarily deny them.  Upon filing any dispositive motion, or any other motion (or responsive pleading) which exceeds twenty-five (25) pages (including attachments), a courtesy hard copy shall be mailed or hand delivered to chambers.

(c)     **Motions in Limine**:  All motions in limine must be filed no later than thirty (30) days before trial.  Should a hearing be directed by the Court in regard to such motions *in limine*, the parties will be notified of the date and time therefor.  Otherwise, such motions in limine shall be addressed by the Court at the final pretrial conference (see No. 7 below).

(d)     **Daubert Hearing**:  Motions seeking a Daubert hearing must be filed at least sixty (60) days before trial or they will be deemed waived.

(f)     **Special Requests to Instruct for Jury Trial**:  Pursuant to Local Rule 51.1, special requests for jury instructions shall be submitted to the Court no later than thirty (30) days before trial and shall be supported by citations of authority pursuant to Local Rule 7.4.  There is

reserved to counsel for the respective parties the right to submit supplemental requests for instructions during the course of the trial or at the conclusion of trial upon matters that cannot be reasonably anticipated.

        (g)    **Exhibits**: All anticipated exhibits will be labeled and numbered prior to trial. At the inception of trial, counsel will furnish the Court with two (2) copies of their exhibit lists, so numbered.

        (h)    **Witness Lists**: Forty-five (45) days before trial, the parties shall file a final witness list covering the information specified in Rule 26(a)(3). Within five (5) days after service of a final witness list, such list may be supplemented.

        (i)    **Trial Briefs**: At least seven (7) days before trial, the parties must file trial briefs concerning any novel or unusual questions of law that have been highlighted in the pretrial order.

        (j)    **Use of Depositions at Trial**: In the event that a party files an objection within the time specified by Rule 26(a) to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B) of Rule 26(a)(3), or any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (C) of Rule 26(a)(3), and desires the Court to consider such objection or objections to be in the nature of a motion *in limine*, such objections shall be accompanied by a brief in support of such objection/motion *in limine*. Should a hearing be directed by the Court regarding such motions *in limine*, the parties shall be notified of the date and time thereof. Counsel are reminded that objections not so disclosed, other than objections under Rules 402 and 403, Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

    7.    **Final Pretrial Conference:** A final pretrial conference shall be held in this case on **August 3, 2006, at 2:00 p.m.**

    8.    **Trial:** The trial of this case will be held before the undersigned with a jury beginning on **August 14, 2006, at 9:00 a.m.** The trial is expected to last two (2) weeks.

    If there are any preliminary matters, counsel shall be present at 8:30 a.m. to take up any such matters which may require the Court's attention. The parties shall be <u>prepared</u> to commence trial at <u>9:00 a.m.</u> on the date which has been assigned. If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date.

    9.    **Consent to Magistrate Judge**: You are reminded that United States magistrate judges in this District have authority to try civil cases, both jury and nonjury, upon consent of the parties. You are also reminded that magistrate judges may on stipulation hear and determine dispositive motions. If you desire to have your case tried by consent by a magistrate judge, or if you

wish to allow a magistrate judge to decide any dispositive motions, notify my judicial assistant, Ms. Lori Gibson at (865/545-4762).

SHOULD THE SCHEDULED TRIAL DATE CHANGE FOR ANY REASON, THE OTHER DATES CONTAINED IN THIS ORDER SHALL REMAIN AS SCHEDULED. SHOULD THE PARTIES DESIRE A CHANGE IN ANY OF THE OTHER DATES, THEY SHOULD NOTIFY THE COURT AND SEEK AN ORDER CHANGING THOSE DATES.

**IT IS SO ORDERED.**

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE