# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| LORI ANN YANCEY, ET AL., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:04-cv-556 |
| | ) | CONSOLIDATED |
| MARTY CARSON, ET AL., | ) | VARLAN/SHIRLEY |
| | ) | |
|     Defendants. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S TWO MOTIONS IN LIMINE

Comes Defendant, Marty Carson, and for response to plaintiffs's motions *in limine* would show that Plaintiff's motion regarding "investigation of Marty Carson" should be denied, and with respect to the motion addressing polygraphs, this motion is premature because, absent unforseen circumstances in Plaintiff's proof, Defendant does not intend to introduce such evidence.

Plaintiff cites no case authority for her sweeping position that testimony by either District Attorney General William Paul Phillips (or his assistant) or TBI Agents should be excluded altogether. Given the extraordinary allegations and theory of Plaintiffs's case, which by necessary implication involves a coverup of a murder by the DA and TBI, testimony by these witnesses regarding the scope and results of their investigation into this matter is made relevant and admissible. Plaintiff alleges in essence that DA Phillips and TBI Agents are "unindicted co-conspirators" of Marty Carson in the murder of John Yancey. (See Complaint ¶¶ 58-62) Plaintiff's proof does not involve merely "the discretionary decision not to bring charges." Plaintiff's anticipated proof will be no less than a wholesale attack on the spectrum of law

enforcement in Scott County. The DA and TBI should be allowed to defend against Plaintiff's attack on their respective offices.

Plaintiff cannot seriously deny the relevance of these factual matters: the TBI thoroughly investigated this matter beginning on the night of Yancey's death; the DA's office coordinated the investigation from its early stages[1]; the scope of the investigation included, among other things, obtaining statements from all witnesses who either claimed or were believed to have information relating to the shooting or Marty's possible culpability therein; the incident and its investigation were the subject of widespread publicity; Plaintiff's alleged "new" witnesses did not come forward with their stories during times material to the investigation; DA Phillips carefully and methodically went through the information produced by the investigation over a period of days after Yancey's death; and at the conclusion of this process, DA Phillips did not bring charges against Marty or any Scott County Deputy. Where Plaintiff's theory and proof involves a Deputy Sheriff orchestrating for several years a county-wide methamphetamine manufacturing and distribution operation, it is surely relevant whether the official publicly elected to prosecute crime, including the eradication of high profile methamphetamine operations, had reason to investigate and/or prosecute such alleged actions by a law enforcement officer.

It is anticipated that DA Phillips will testify that Deputies Marty Carson and John Yancey worked closely with his office–were there together nearly every day–on the investigation and prosecution of drug cases. It is relevant, that is tends to prove or disprove the factual issue of whether or not Marty operated for years a large-scale methamphetamine distribution conspiracy

---

[1]The TBI investigates matters at the request of various state officials, including local DAs..

in Scott County, that the officials charged with ultimate responsibility to ferret out and prosecute such activities worked closely with both Marty and John Yancey during the years in question and did not become aware of evidence to implicate Marty as the County's main meth distributor. It is anticipated that DA Phillips will further testify that Marty and Yancey were together in his office almost daily without indication of any plot by Marty to murder Yancey. It is anticipated that DA Phillips will testify that there were also occasions where Yancey talked to him alone about criminal investigations, during which Yancey expressed no fear for his personal safety with Marty and gave no indication that Marty was involved in the distribution of meth.

The weight to be given this evidence is, of course, for the jury. But Plaintiff provides insufficient authority or bases in fact from which the Court should allow Plaintiff to offer testimony by felons that Marty controlled meth distribution in Scott County but exclude from the jury's consideration testimony by DA Phillips, or perhaps an ADA, about these same matters. Plaintiff may cross-examine these witnesses as with any others. Indeed, Plaintiff undoubtedly has a transcript of Phillips' press conference for this purpose.

Likewise, Plaintiff will offer testimony by these same felons implicating Marty in the murder of John Yancey. Plaintiff provides insufficient authority or bases in fact from which the Court should allow Plaintiff to offer testimony from felons then exclude that of the DA and/or TBI Agents about their investigation and results thereof into the circumstances surrounding Yancey's death.

With respect to Plaintiff's argument that she could not inquire on discovery into the "mental impressions" of DA Phillips, Plaintiff has made no attempt to inquire into any matters, factual or otherwise of which DA Phillips has knowledge. Hence, this argument and Plaintiff's "lack of personal knowledge" argument is specious. Plaintiff may cross examine DA Phillips

and any TBI investigative agents who may be called to testify on whether there information is based on personal knowledge or hearsay and, if the latter, its reliability.  To the extent the Court entertains speculative arguments, DA Phillips has personal knowledge concerning matters he investigated and presumably would have personal knowledge of his meetings with investigators.  Plaintiff has elected to depose many criminal offenders but elected not to depose the prosecutors or TBI Agents investigating criminal activities.  In any event, concerning discovery of DA Phillips' "mental impressions," Plaintiff is in possession of a videotape of a press conference wherein DA Phillips outlined for the public in general terms the investigation, the conclusions reached and the bases for these conclusions.  Plaintiff may choose to cross-examine him on such matters.

Regarding Plaintiff's "ongoing criminal investigation" argument, Plaintiff provides no authority for this theory to exclude evidence.  Plaintiff's representation as if fact that "one witness was recently threatened by Marty," and that the witness was "attacked and stabbed by masked men" is, from Defendant's perspective, more "tall tales" from a self-described "outlaw" whose memory and perception are, by his own admission at deposition, significantly impaired from the effects of meth addiction.  In any event this argument appears to be nothing more than *ad hominem abusive* attack on Marty, not some legal basis for excluding evidence.

**CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiff's motion *in limine* to exclude testimony from DA Phillips (or his Assistant) and TBI Agent(s).  The Court need not rule at this time on Plaintiff's motion respecting polygraph examinations because, absent unforseen circumstances, Defendant does not anticipate introducing proof of such matters.

Respectfully submitted this 25th day of October, 2007.

**MARTY CARSON,**

BY: <u>/s/John C. Duffy</u>
John C. Duffy, BPR#010424
P.O. Box 11007
Knoxville, TN 37939-1007
(865) 766-0904

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

This the 25th day of October, 2007.

BY: <u>/s/John C. Duffy</u>