UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LORI ANN YANCEY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No.: 3:04-cv-556 |
| v. | ) No.: 3:04-cv-610 |
| | ) (VARLAN/SHIRLEY) |
| MARTY CARSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

In a memorandum and order dated October 19, 2007, United States Magistrate Judge C. Clifford Shirley, Jr., ruled that under *Daubert v. Merrell-Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), plaintiffs' proposed expert, Richard F. Qulia, would be precluded from testifying with regard to three opinions he offered concerning what defendant Carson did not do, his subjective intent, his state of mind, or what motivated his action or inaction. [Doc. 73.] Magistrate Judge Shirley did not exclude Mr. Qulia from testifying as a fact witness regarding such things as the aural and visual differences between the firing of a shotgun and a pistol. [*Id.*] Plaintiffs have filed an objection and appeal from the magistrate judge's order. [Doc. 90.] For the reasons that follow, the appeal is DENIED.

Initially, the Court notes that plaintiffs do not object to the portions of the order excluding Mr. Qulia's three opinions relating to Mr. Carson's intent. Plaintiffs contend that Mr. Qulia should be allowed to offer an opinion that there is no comparison between the audible report of a shotgun and a semi-automatic handgun. Upon a review of the magistrate

judge's memorandum and order, the Court finds that it is clearly stated in the order that Mr. Qulia would not be prevented from presenting such evidence "so long as Mr. Qulia does not attempt to introduce impermissible opinion testimony under the guise of factual testimony." [Doc. 73 at 11.][1]

In addition, Mr. Qulia proposes to testify regarding

> ... common tactical training to direct an officer's defensive/offensive fire at the threat, in this case, the person allegedly holding a shotgun. A tactically trained officer would not deliberately fire his weapon at anything other than the immediate threat.

[*See* Doc. 90, Ex. 1.] The Court is of the opinion that such an opinion will not assist the trier of fact in that it is within the common knowledge of the jury that a trained police officer, would fire his weapon in the direction of the danger presenting itself rather than any other direction. *See* Fed. R. Evid. 702. The Court further finds that such opinion is otherwise properly excluded based upon the rationale contained in Judge Shirley's written opinion.

Accordingly, plaintiffs' appeal from the magistrate judge's decision [Doc. 90] is hereby DENIED.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] Such anticipated testimony, of course, must otherwise be established as relevant at trial under Fed. R. Evid. 402.