UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| LORI ANN YANCEY, as Representative of the Estate of John Yancey, Deceased, | ) ) ) | | |
| Plaintiff, | ) ) | | |
| v. | ) ) | No.: | 3:04-CV-556 3:04-CV-610 |
| MARTY CARSON, | ) ) | | (VARLAN/SHIRLEY) |
| Defendant. | ) ) | | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on the Defendant's Renewed Motion for Judgment as a Matter of Law, and Motions in the Alternative for New Trial, or In the Alternative for Remittitur [Doc. 132]. The Defendant, Marty Carson, ("Defendant") has filed a brief in support of this motion [Doc. 133], and the Plaintiff, Lori Ann Yancey, ("Plaintiff") has filed a brief in opposition to the motion [Doc. 138]. The matter is now ripe for adjudication. For the reasons set forth herein, Defendant's motion will be **DENIED**.

In November of 2003, John Yancey ("Yancey") and Defendant were partners in the Scott County Sheriff's Department. During a raid on a suspected methamphetamine lab trailer located in Scott County, Yancey was killed by a single shot fired by Defendant. Plaintiff's claim of a violation of Yancey's substantive due process rights, pursuant to 42 U.S.C. § 1983, was tried before a jury on November 5-9, 13-14, 2007. The jury returned a

verdict in favor of the Plaintiff, finding that Defendant violated Yancey's substantive due process rights and awarded $5,000,000.00 in compensatory damages.

## I. Renewed Motion for Judgment as a Matter of Law

Defendant has raised two arguments in support of the motion for judgment as a matter of law. [*See* Docs. 132; 133 at 1-6.] Defendant argues that the Court should enter judgment as a matter of law in his favor because: (1) he did not act under the color of law and (2) the jury's verdict was unreasonable in that no reasonable jury could conclude that Defendant had a motive to intentionally or maliciously or sadistically shoot Yancey or did so under the circumstances of a raid on a high profile drug case.

Plaintiff responds that Defendant is not entitled to judgment as a matter of law because (1) authorities cited in her response to summary judgment support the Court's previous conclusion that Defendant was acting under color of law and (2) the jury reasonably concluded Defendant intentionally shot Yancey. Plaintiff contends that Defendant's motion merely invites the Court to reweigh the evidence and credibility of witnesses.

A motion for judgment as a matter of law may be renewed after entry of judgment. Fed. R. Civ. P. 50(b). "The motion may be granted only if in viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party." *Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 614 (6th Cir. 2007) (citations omitted). Notably, the Court may not "reweigh the evidence or assess the credibility of witnesses." *Id.* (citations omitted).

The Court has carefully considered all the evidence presented at trial and the arguments made by the parties. The Defendant's color of law argument was presented and rejected at the summary judgment stage [*see* Docs. 57, 58], and the trial has not changed the Court's conclusion as to that issue. Thus, the Court adheres to its previous analysis and conclusion that Defendant acted under color of state law. The Court reiterates that even if an act is private in nature, an officer acts under color of state law if he improperly exercises official authority to forward his own interests in personal matters. *See Sanchez v. Crump*, 184 F. Supp. 2d 649, 655 (E.D. Mich. 2002). Furthermore, based on a review of the record as a whole, the Court does not find that the evidence is so one-sided that reasonable minds could not differ as to the conclusion to be drawn from the evidence. As noted, the Court may not question the credibility of certain witnesses and reweigh the evidence, which is essentially what Defendant asks the Court to do in his renewed motion for judgment as a matter of law. Accordingly, Defendant's renewed motion for judgment as a matter of law will be denied.

II. **Motion for a New Trial on the Issue of Liability, or in the Alternative, on the Issue of Damages; In the Alternative, Defendant Moves the Court to Conditionally Grant a New Trial on Damages, Subject to Acceptance by Plaintiff of a Remittitur of the Damage Award**

In the alternative, Defendant argues that the Court should grant a new trial because (1) the Court erroneously granted Plaintiff judgment as a matter of law on the issue of whether Defendant acted under color of law when the issue should have been submitted to the jury; (2) the Court erred in its instructions to the jury in response to the jury's questions

during deliberation; (3) the verdict of liability is against the clear weight of the evidence; and (4) the jury's assessment of damages is against the clear weight of the evidence and unreasonable.

In response to Defendant's motion for a new trial, Plaintiff contends that (1) Plaintiff waived his color of law argument by failing to object to the relevant portion of the jury charge; (2) the instructions in response to jury questions properly stated the applicable law; and (3) the jury could reasonably have found Yancey's damages at $5,000,000.00, particularly in light of his physical pain and mental suffering.

Fed. R. Civ. P. 59(a) provides in part that the "court may, on motion, grant a new trial on all or some of the issues - and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."

### A. Color of Law

As to the issue of whether the color of law issue should have been submitted to the jury, the Sixth Circuit has recognized that "it is possible to determine the question whether a person acted under color of state law as a matter of law." *Layne v. Sampley*, 627 F.2d 12, 13 (6th. Cir. 1980). Though the Sixth Circuit has also recognized that there are some instances where "unanswered questions of fact regarding the proper characterization of the actions" are for the jury to decide, those cases cited to by the Defendant in support of his motion are factually distinguishable from the present case. *Id.* Namely, those cases did not involve an on-duty officer who was carrying out his duty as a police officer at the time of the incident. More specifically, this case involves an officer who was raiding a suspected

4

methamphetamine lab at the time of the incident and who fired a law enforcement issued weapon. *See Sanchez*, 184 F. Supp. 2d at 655 (recognizing that officers act under color of state law when they have engaged in official conduct, purported to be engaged in official conduct, and/or used a weapon issued to the officer by the law enforcement agency). In the present case, the color of law question was a "legal issue" that involved "legal conclusions to be reached by the court." *Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002) (finding a district court erred when it failed to engage in an independent review of whether a plaintiff was acting under color of state law); *see also Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 638 (6th Cir. 2006) (affirming a district court's finding as a matter of law that a private security police officer was a state actor as a matter of law). Accordingly, Defendant's motion for new trial will not be granted on grounds that the color of law issue was not submitted to the jury.

### B.     Instructions to the Jury

In his motion, Defendant contends that the Court erred in not making the instructions in response to the jury's questions "Yancey-specific." The Sixth Circuit has held that a jury verdict is reversible "only in situations where the instruction, viewed as a whole, is 'confusing, misleading, and prejudicial.'" *Argentine v. United Steelworkers of Am., AFL-CIO*, 287 F.3d 476, 484 (6th Cir. 2002).

During the jury's deliberation, the jury asked the Court, "What is the difference in intention vs acting maliciously and sadistically?" The Court responded:

As to issue one, "Whether the Plaintiff, Lori Ann Yancey, has proven by a preponderance of the evidence that Marty Carson intentionally shot and killed Hubert Dean 'John John' Yancey," intentional means that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

As to issue two, "In the alternative, whether the Plaintiff, Lori Ann Yancey, has proven by a preponderance of the evidence that Marty Carson acted maliciously and sadistically when he shot and killed Hubert Dean 'John John' Yancey," malicious or sadistic behavior entails unjustifiable intentional conduct undertaken with the direct purpose of causing harm to the victim.

Later during their deliberation, the jury asked the Court a second question. The jury asked, "Is the malicious and sadistic behavior only referring to the shooting or can it refer to lack of care afterwards?" The Court responded:

Evidence concerning Marty Carson's conduct after the shooting was offered by the parties as circumstantial evidence of Marty Carson's state of mind at the time of the shooting. The Court's earlier instructions address circumstantial evidence and inferences that may be drawn from circumstantial evidence. You may consider such evidence, together with all the other evidence in the case, in accordance with the Court's instructions regarding weighing evidence carefully.

You are reminded that this Court has no opinion concerning the facts in this case or the credibility of any witnesses insofar as you are concerned.

The Court is not persuaded by Defendant's argument regarding the instructions to the jury. As to the instruction in response to the jury's first question, the Court first notes that Defendant did not object to that instruction at trial. Second, the response to the jury's question specifically used the language "to the victim" in defining "maliciously and sadistically," which was language taken from the Sixth Circuit's decision in *Claybrook v. Birchwell*, 199 F.3d 350, 360-61 (6th Cir. 2000). Third, the Court's response referenced the

issues ("issue one" and "issue two") from the Court's initial charge to the jury, which instruction was unquestionably "Yancey-specific":

> In this action, the plaintiff has the burden of establishing by a preponderance of the evidence all of the facts necessary to prove the following issues: 1. Whether the plaintiff, Lori Ann Yancey, has proven by a preponderance of the evidence that Marty Carson intentionally shot and killed Hubert Dean "John John" Yancey? 2. Alternatively, whether the plaintiff, Lori Ann Yancey, has proven by a preponderance of the evidence that Marty Carson acted maliciously and sadistically when he shot and killed Hubert Dean "John John" Yancey?

Thus, there was no ambiguity as to the "malicious and sadistic" instruction either in the initial jury charge or in the Court's subsequent instruction in response to the jury's first question.

As to the instruction in response to the jury's second question, that question addressed the time frame of the "malicious and sadistic behavior" for purposes of assessing potential liability. The Court instructed the jury that post-shooting conduct was offered by the parties as circumstantial evidence of Defendant's state of mind at the time of the shooting. The Court does not view this instruction as raising "Yancey-specific" concerns despite Defendant's contention to the contrary, especially when considered in the context of the Court's prior instructions given in the initial charge and in response to the jury's first question. Accordingly, the Court will not grant Defendant's motion for a new trial on grounds relating to the jury instructions.

### C. Verdict of Liability and Clear Weight of the Evidence

"A trial court should deny a motion for a new trial 'if the verdict is one that reasonably could be reached, regardless of whether the trial judge might have reached a different conclusion were he the trier of fact.'" *Powers v. Bayliner Marine Corp.*, 83 F.3d 789, 796 (6th Cir. 1996) (citation omitted). After carefully considering the Defendant's motion, the Court finds that the jury's verdict was reasonable in light of all of all the evidence. Accordingly, Defendant's request for a new trial will not be granted grounds that the verdict of liability was against the clear weight of the evidence.

### D. Damages

As to the damages issue, Defendant contends that the compensatory damage figure of $5,000,000.00 cannot be rationally explained and that there is no evidentiary basis for this award. Plaintiff responds that a reasonable jury could have found that Yancey's physical pain and mental suffering prior to his death were worth the entire $5,000,000.00 verdict. The Sixth Circuit has recognized that excessive damages can serve as evidence of the jury reaching a seriously erroneous result, and a new trial may be granted. *Mitchell v. Boelcke*, 440 F.3d 300, 303 (6th Cir. 2006). However, a "jury verdict should not be remitted by a court unless it is beyond the maximum damages that the jury reasonably could find to be compensatory for a party's loss." *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 905 (6th Cir. 2004) (citation omitted). The Sixth Circuit's remittitur standard favors maintaining the award, unless the award is "(1) beyond the range supportable by proof or (2) so excessive as to shock the conscience, ... or (3) the result of a mistake." *Id.* (alteration in original)

(citation omitted). Thus, a "trial court is within its discretion in remitting a verdict only when, after reviewing all evidence in the light most favorable to the awardee, it is convinced that the verdict is clearly excessive, resulted from passion, bias or prejudice; or is so excessive or inadequate as to shock the judicial conscience of the court." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 443 (6th Cir. 2000)).

In the present case, the Court does not find that the award was beyond the range supportable by proof, so excessive as to shock the conscience, or the result of a mistake. In *Bickel v. Korean Air Lines Co., Ltd.*, the Sixth Circuit could not conclude that the evidence did not support the award when the decedents remained conscious during a twelve minute descent of an aircraft, suffered physical pain during the descent, and knew they would die upon impact. 96 F.3d 151, 156 (6th. Cir. 1996). Similarly in the present case, Plaintiff presented evidence at trial that Yancey was bleeding from a gunshot wound, alive for some period after Defendant left the trailer after the shooting, and conscious after being hit by a gunshot. As recognized by the *Bickel* court, "[o]ne simply cannot quantify the mental and physical pain and suffering such an experience would cause, and thus we cannot conclude that the evidence does not support the award[]." *Id.* The Court also recognizes that Plaintiff presented evidence of $697,350 in lost wages and earnings on Yancey's part based upon a deputy's salary of approximately $23,000 per year. Viewing the evidence in a light most favorable to the awardee, the Court does not find that the jury's award was so excessive as to compel a reversal or remittitur by the Court. Accordingly, the Court will not grant

Defendant's motion for a new trial on liability or a new trial on damages, subject to acceptance by Plaintiff of a remittitur of the damages award.

## IV. Conclusion

For the reasons set forth herein, the Defendant's Renewed Motion for Judgment as a Matter of Law, and Motions in the Alternative for New Trial, or in the Alternative for Remittitur [Doc. 132] is hereby **DENIED**.

IT IS SO ORDERED.

                                      s/ Thomas A. Varlan  
                                      UNITED STATES DISTRICT JUDGE